# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Belinda Ann McCall,<br><br>Debtor(s). | C/A No. 15-05099-JW<br><br>Chapter 13<br><br>**ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |

This matter comes before the Court on the Motion for Relief from the Automatic Stay ("Motion") filed by Anderson Brothers Bank ("Bank"). Belinda Ann McCall ("Debtor") objected to the Motion. After a hearing on the Motion, the Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, which is made applicable to this proceeding by Fed. R. Bankr. P. 7052 and 9014(c).

## FINDINGS OF FACT

1.      On November 9, 2013, Minnie L. Yeargin ("Yeargin"), Debtor's former stepmother, executed a Retail Installment Sale Contract for the purchase of a 2012 Toyota Tundra ("Vehicle"). The purchase of the Vehicle was financed by Bank, and Bank obtained a lien on the Vehicle in exchange for its loan in the amount of $27,784.50. No down payment was made at the time of purchase because the down payment was a rebate. The Vehicle was titled solely in Yeargin's name and Bank's lien was listed on the Certificate of Title.[1]

2.      Debtor was present at the dealership at the time of the Vehicle's purchase. Debtor testified that Yeargin purchased the Vehicle on her behalf because she did not

---

[1]      Debtor objected to the introduction of Bank's exhibit which purported to be an electronic copy of the certificate of title to the Vehicle on the basis that it was not authenticated and was hearsay. The Court took the matter under advisement. In light of the ruling herein, the Court finds that the evidence is not dispositive of any issue properly before the Court and therefore overrules the objection.

have good credit due to medical bills.  She further testified that she and Yeargin agreed at the time of purchase that Debtor would make all the monthly payments to Bank and the title would be transferred into Debtor's name upon payment in full of the loan to Bank.[2] This agreement was not documented in writing.  Debtor also testified that she has paid the taxes and insurance on the Vehicle since its purchase and was listed as an insured driver on the policy in addition to Yeargin.

3.      Since November of 2013, Bank has received sixteen payments on the loan secured by the Vehicle.  All but one payment were more than ten days late, with five payments made more than thirty days late and one payment made more than sixty days late.  The majority of payments on the loan were made directly to Bank by Debtor over the phone.  Debtor testified that she provided Yeargin's social security number to the Bank when she called to make payments and used her own credit card to make the payment.[3]

4.      On September 19, 2015, the Vehicle was repossessed by Bank due to nonpayment of the loan.

5.      On September 24, 2015, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.  Simultaneously with the petition, Debtor filed a Chapter 13 Plan ("Plan"), which provides for payment in full of Bank's allowed secured claim along with 5.25% interest, without valuation of Bank's lien.   The amount proposed to be paid through the Plan appears to exceed the NADA value of the Vehicle.

---

[2] Debtor presented into evidence an affidavit of Minnie Yeargin, wherein Yeargin declares that she "bought a 2012 Toyota Tundra VIN#5TFRY5F11CX121354 on 11-9-2013 for Belinda McCall and she has made all payments since.  After all payments are made the title will go into her name."
[3] Debtor testified that Yeargin gave her permission to use her social security number to make such payments.

6.    After filing the petition, Debtor requested the return of the Vehicle from Bank, but Bank refused to return the Vehicle to Debtor because she was not the title owner of the Vehicle.

7.    Debtor is self-employed providing commercial janitorial services.  She testified that she is unable to perform her job without the Vehicle because she uses the Vehicle to transport her floor cleaning equipment.  As a result of the loss of the Vehicle, Debtor testified that her income has been reduced by half.

8.    Debtor presented into evidence a Verification of Coverage from GEICO, which indicates that the Vehicle has been insured under Yeargin's name since September 4, 2015 and Debtor is listed as another insured driver on the policy.

## CONCLUSIONS OF LAW

Bank seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), which provides that the Court shall grant relief "for cause, including the lack of adequate protection of an interest in property of such party in interest."  Bank argues that relief from stay should be granted because (1) Debtor does not hold an interest in the Vehicle which entitles her to possession of the Vehicle, (2) Debtor is not contractually liable on the Retail Installment Sales Contract executed by Yeargin and cannot restructure a loan to which she is not a party in the Plan, and (3) Debtor engaged in deceptive and/or fraudulent conduct during the course of the loan.  In response, Debtor argues that she has an equitable interest in the Vehicle and therefore can treat Bank's claim in the Plan. Debtor denies that she engaged in deceptive or fraudulent conduct.

I.    *Debtor has an Equitable Interest in the Vehicle*

Debtor argues that she has an equitable interest in the Vehicle by virtue of a
resulting trust.  Under South Carolina law, a resulting trust is an equitable doctrine that is
designed "to effectuate the intent of parties in certain situations where one party pays for
property, in whole or in part, that for a different reason is titled in the name of another."
Bowen v. Bowen, 575 S.E.2d 553, 555 (S.C. 2003).  When property is titled in the name
of one person but is paid for by another, a presumption arises that the party who pays the
purchase money intended a benefit to himself, and thus a resulting trust will arise in his
favor.[4]  See id.  However, the presumption may be rebutted by parol evidence showing
the parties' actual intent.  Id.  "A resulting trust arises at the time of the purchase, or not
at all." In re Pfister, 749 F.3d 294, 299 (4th Cir. 2014) (citing Larisey v. Larisey, 77 S.E.
129, 130 (S.C. 1913); In re Wicker, C/A No. 13-07546, slip op. at 8 (Bankr. D.S.C. Apr.
11, 2014); Hodges v. Hodges, 133 S.E.2d 816, 819-20 (S.C. 1963)).  For a resulting trust
to arise, payment (or a commitment to pay) and intent must occur at the time of the
purchase. Id. (citing Moore v. McKelvey, 221 S.E.2d 780, 781 (S.C. 1976); Surasky v.
Weintraub, 73 S.E. 1029, 1031 (S.C. 1912)).

In this case, the evidence shows that Debtor and Yeargin intended for Debtor to
be the owner of the Vehicle at the time of purchase.  Debtor initially tried to finance the
purchase of the Vehicle on her own, but her credit did not enable her to do so.  To assist
Debtor, Yeargin agreed to do the financing in her name because she had better credit.
The evidence indicates that, at the time of the purchase, Yeargin and Debtor agreed that

---

[4] When a conveyance of property is to a wife or child or any other person for whom the purchaser has a
legal obligation to provide, the presumption does not arise.  Although Yeargin is Debtor's former
stepmother, the evidence indicates that at the time of the transaction, Debtor, as the actual purchaser, had
no legal obligation to provide for Yeargin.

4

Debtor would make all the payments to Bank and pay for the taxes and insurance on the Vehicle and Yeargin would transfer title into Debtor's name upon completion of the payments to Bank. Yeargin made no payments towards the Vehicle. All loan payments and payments for insurance and taxes on the Vehicle were made by Debtor. No evidence was presented indicating that the payments made by Debtor were intended as a gift or as rental payments to Yeargin.

The circumstances in this case are similar to those presented in In re Rivers-Jones, No. 07-02607, slip op. (Bankr. D.S.C. Sept. 4, 2007), where the undersigned found that a resulting trust arose in the debtor's favor for a mobile home titled in her grandmother's name because (1) the debtor had made all of the payments on the mobile home, (2) the debtor and her grandmother intended for the debtor to have an ownership interest in the mobile home, and (3) the grandmother did not claim any ownership of the mobile home.

This case is distinguishable from the undersigned's decisions in In re Wicker and In re Lee where the Court found that no resulting trust arose. See In re Wicker, C/A No. 13-07546-JW, slip op. at 8 (Bankr. D.S.C. Apr. 11, 2014); In re Lee, C/A No. 10-07833-JW, slip op. at 6 (Bankr. D.S.C. Mar. 1, 2011). In Wicker, the property at issue was titled in the husband's name when he acquired it by inheritance prior to his marriage and the wife merely provided later contributions to the improvement of the property; therefore, no resulting trust was found because it did not arise at the time of the property's acquisition. In Lee, the property at issue was acquired by the debtor's mother and lived in by both the mother and debtor. No evidence was presented regarding the debtor and her mother's intent at the time of the purchase of the property by the mother. The debtor in Lee merely testified that she made monthly payments to her mother with the

understanding that when the mobile home was paid off, it would be given to the debtor.

No evidence of these payments or this agreement was provided. Moreover, unlike this

case, the debtor in <u>Lee</u> had no regular or direct communication with the lender.

Accordingly, based on the evidence presented and the authority set forth in

<u>Rivers-Jones</u>, the Court finds that a resulting trust arises in favor of Debtor with regard to

the Vehicle, and therefore, Debtor has demonstrated that she has an equitable interest in

the Vehicle.

II.    *No Evidence of Deceptive/Fraudulent Conduct by Debtor*

Bank argues that a resulting trust should not arise because Debtor engaged in

inequitable conduct by allegedly misrepresenting herself as Yeargin in phone

conversations with Bank over the course of the loan and perpetrated a fraudulent scheme

against Bank by obtaining a "straw loan" from Bank to purchase the Vehicle. <u>See Hayne</u>

<u>Fed. Cred. Union v. Bailey</u>, 489 S.E.2d 472, 476 (S.C. 1997) (stating that the existence of

a resulting trust can be rebutted by a showing of fraud and noting the well-known maxim,

"He who seeks equity must do equity.") At the hearing, Bank presented the testimony of

Craig Deadwyler, Collections Manager for Bank, who provided testimony regarding the

documents executed during the purchase transaction and the business records of Bank

relating to the transaction. Since Mr. Deadwyler did not personally communicate with

Debtor over the phone during the course of the loan, he was unable to provide any

evidence to refute Debtor's testimony that she always used her own name when

communicating with Bank. Debtor testified that Bank had her credit card information on

file when she called to make payments on the loan and was aware that the payments were

being made by her.  Mr. Deadwyler offered no other evidence of misrepresentations made by Debtor.

Since the purchase transaction occurred at the dealership, Mr. Deadwyler was not present at closing and was unable to provide testimony regarding the circumstances surrounding the transaction.  According to Debtor's testimony, all participating parties in the purchase transaction were aware that Yeargin was purchasing the Vehicle on behalf of Debtor because she had better credit.  Based on the evidence presented, the Court is unable to conclude that Debtor engaged in inequitable conduct which would prevent a resulting trust from arising in this case.

III.    *Debtor's Lack of Privity with the Bank Does Not Preclude Treatment of Bank's Claim in the Plan*

Bank argues that it should be granted relief from stay because it has no contractual relationship with Debtor and therefore has no contractual enforcement rights against Debtor.  It is well established in this District that the absence of privity of contract with a creditor does not preclude a debtor from treating that creditor's claim if the debtor can demonstrate a good faith, colorable claim to or basis for possession of property sufficient to allow the property to be considered property of the estate, such as an equitable interest by virtue of a resulting trust.  See In re Rivers-Jones, slip op. at 5 (finding that a chapter 13 debtor who is not in contractual privity with a mortgagee could repay a mortgage lien through the plan); In re Trapp, 260 B.R. 267, 271 (Bankr. D.S.C. 2001) (finding that privity of contract is not required because § 1322(b)(2) generally allows a chapter 13 plan to propose to modify the rights of creditors who hold a "claim" against the estate and a "claim against the debtor" includes a "claim against property of the debtor" under the definition set forth in § 101(2)); In re Davis, C/A No. 10-02249-jw

7

(Bankr. D.S.C. Oct. 12, 2010) (finding that even though the debtor had no contractual relationship with the mortgage creditor, the real property was property of the estate since the debtor held title to the real property). Since Debtor has demonstrated an equitable interest in the Vehicle by virtue of a resulting trust, Debtor may properly treat Bank's claim in her Plan. Once confirmed, Debtor will be bound to the provisions of the confirmed Plan and if Debtor fails to perform, Bank can enforce its rights under the confirmed Plan by seeking relief from this Court.

## CONCLUSION

Based on the foregoing, the Court finds that Bank has failed to demonstrate sufficient cause to warrant relief from the automatic stay pursuant to § 362(d)(1). Accordingly, the Motion is denied. Having now determined that Debtor has an interest in the Vehicle, Bank should respond to Debtor's request for turnover.[5]

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**12/03/2015**



US Bankruptcy Judge
District of South Carolina

Entered: 12/03/2015

---

[5] Prior to the determination of Debtor's equitable interest in the Vehicle through this Order, Bank's actions as described at the hearing appear reasonable; therefore, Debtor's request to prohibit Bank from charging attorney's fees to the balance of the loan as a result of this Motion is denied.